CHARLES GILLARD, RESPONDENT, v. MANUFACTURERS, &c., INSURANCE COMPANY, APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

Under the provisions of the act entitled "An act concerning auto busses, commonly called jitneys, and their operation in cities" (*Pamph. L.* 1916, *p.* 283), one who suffers loss from an injury to his automobile, resulting from collision with a jitney bus, cannot recover such loss from the indemnifying insurance company, upon an accident policy, filed with the municipality, for the reason that the loss recoverable under the statute is limited to such as results to a third party from bodily injury or death.

On appeal from the Supreme Court, whose opinion is reported in 92 *N. J. L.* 146.

For the respondent, *Arthur B. Seymour.*

For the appellant, *Pomerehne & Laible* and *Jacob L. Newman.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff was the owner of the automobile and the husband of the plaintiff, Grace Gillard, involved in the automobile accident, which was the subject-matter of the controversy, in case No. 29 of this term, and which has been determined in favor of the plaintiff.

The contested question in this litigation is whether the accident policy, issued by defendant and filed by the jitney owner, Andrew Wanzke, with the municipality, is intended by the language of the statute (*Pamph. L.* 1916, *p.* 283) to extend to damage of property, resulting from a collision.

The factual situation is fully outlined in the previous case and needs no reiteration here.  Section 2 of the act provides the rule and the limitation of liability; it provides that the owner of the jitney bus shall file with the municipality a

policy of insurance against loss from liability "imposed by law upon the auto bus owner for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto bus upon the public streets of such city. * * * Such insurance policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus or any fault in respect thereto and shall be for the benefit of every person suffering loss, damage or injury *as aforesaid."*

It will be observed, at once, that the loss to which liability is limited and directed by this language is such as results from "bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto bus upon the public streets of such city."

The act thus expressly provides its own definition and limitation of liability, and in such a statutory situation the rule is *quid non apparet non est.*

The judgment appealed from will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.